FANCHER, Respondent, v. PINON, appellant. (City Court of New York, General Term. October 30, 1896.) Action by Ezra B. Fancher against Bonifacio Pinon. Coudert Bros., for appellant. J. R. Fancher, for respondent.

SCHUCHMAN, J. This is an appeal from a judgment recovered herein on a contract for tuition, board, and incidentals furnished to Louis Pinon, the son of the defendant, while attending, as a boarding pupil, the school of the plaintiff situated at Yonkers, Westchester county, N. Y. during the school year of 1893 to 1894. The plaintiff in his complaint alleges, and at the trial proved, a contract for the tuition and board of the defendant's son for the school year beginning the 25th day of September, 1893, and ending on June 8, 1894, at $500, payable half-yearly in advance; the second installment being payable on February 1, 1894. The defendant withdrew his son from said school on February 12 or 16, 1894. The plaintiff also proved that he furnished the defendant's son clothing and other incidentals, of the value of $123.40. Defendant's son was a pupil at plaintiff's boarding school for two previous years, under the same agreement for said tuition and board and for incidentals. The action is brought for a breach on the part of the defendant of said agreement for tuition, board, etc. The plaintiff and his wife were the only witnesses on the trial on behalf of the plaintiff. The defendant offered no evidence whatsoever, and at the end of the trial made certain motions and requests to charge, which were denied by the court, and duly excepted to. We have examined these exceptions, and the only one worthy of any notice is the one denying the request to charge "that the question involved is a question of damages, and not a question of what the plaintiff is entitled to recover under the contract, and, as this included board, and board not having been furnished, the sole question before the jury is what damages the plaintiff sustained by reason of the defendant's alleged failure to comply with his contract." The damages in such an action for the breach of contract are

prima facie the amount stipulated in the contract for the full term. Howard v. Daly, 61 N. Y. 362. The law, however, for wise reasons, imposes upon the party subjected to injury by the breach of the contract the active duty of making reasonable exertion to render the injury as light as possible. Public interest and sound morality accord with the law in demanding this. A party ought not to recover more than his actual damage; but the burden of proving that the damages which have been sustained in such cases could have been prevented unquestionably rests upon the party guilty of the breach of contract. Hamilton v. McPherson, 28 N. Y. 77. In this case, therefore, the burden of proof was upon the defendant to show that the damages sustained on account of his breach of contract were less than the contract price. Not having done so, the law gives him no remedy on this appeal, and the ruling of the judge at the trial was correct. Judgment affirmed, with costs. FITZSIMONS, J., concurs.